CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 27, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ T. Costa
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| CLARA DEITZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-CV-00738 |
| v. | ) | |
| | ) | By: Hon. Robert S. Ballou |
| DALEVILLE TOWN CENTER | ) | United States District Judge |
| BUSINESS ASSOCIATION, INC., | ) | |
| d/b/a DALEVILLE TOWN CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION**</u>

Clara Deitz brought this personal injury action against Daleville Town Center Business Association Inc. when she was struck by a vehicle as she crossed the street in a designated pedestrian crosswalk. Deitz claims that Daleville Town Center violated its duty to supply adequate lighting and signage to protect pedestrians within crosswalks on its premises, Because Deitz has adequately alleged a claim for common law negligence, I **DENY** the Motion to Dismiss (Dkt. 16), but **GRANT** the motion as to Count 2 to the extent that a claim alleging negligence per se is not a separate cause of action, but merely a potential avenue to prove common law negligence.

I.    **Background**

On March 11, 2025, around 8:00 PM, Deitz was struck by a vehicle driven by Jordan Cox as she crossed Town Boulevard while in a designated pedestrian crosswalk in Daleville Town Center, and as a result, suffered personal injuries. Dkt. 1 ¶¶ 8–11. Daleville Town Center is a "Traditional Neighborhood Development" operated by Daleville Town Center. *Id*. ¶ 5–6. Generally, a Traditional Neighborhood Development includes mixed-use commercial and

residential areas with an emphasis on "pedestrian-friendly road design" and "connectivity of road and pedestrian networks." 24 Va. Admin. Code 30-73-120(3)(d). The accident occurred as Cox was turning left from Town Center Street onto Town Boulevard. *Id*. ¶ 10. It was dark (nautical twilight) at the time with the streetlamps in the area lit. *Id*. ¶¶ 12–13. Deitz and her two housemates, Wesley Derby and Helen, were within the designated crosswalk on Town Boulevard when the accident occurred. *Id.* ¶ 8. Deitz and Derby are both blind. *Id*.

Deitz alleges claims for negligence and negligence per se for failing to ensure pedestrian safety and to provide proper street lighting. *Id*. ¶ 6. She contends that the lighting, signage, and road markings on Town Boulevard were inadequate to alert drivers to pedestrians. *Id*. ¶¶ 14–19. First, she asserts that Daleville Town Center owed a duty to supply adequate lighting, retroreflective pavement markings, and/or appropriate pedestrian signage. *Id*. ¶¶ 23–24, 30–31. She contends that the lighting at the intersection of Town Boulevard and Town Center street was "completely inadequate for pedestrian safety," and the crosswalk "was not bordered with white retroreflective lines, nor were there any pedestrian-crosswalk warning signs for drivers." *Id*. ¶ 14–17. In support, Deitz relies upon comments from Cox's traffic hearing, during which witnesses remarked on the darkness of the intersection and insufficient lighting contribute to frequent traffic issues. *Id*. ¶¶ 20–21. Second, Deitz argues that Daleville Town Center was negligent per se for failing to follow the Manual on Uniform Traffic Controlled Devices (MUTCD) by not providing appropriate pavement markings or use pedestrian-crossing signage. *Id*. ¶¶ 26–31.

## II.    Legal Standard

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). I accept all factual

allegations in the complaint as true and draw all reasonable inferences in Deitz's favor as the

plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not

entitled to the same presumption of truth. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556

(noting that while detailed factual allegations are not required, a plaintiff must still provide more

than labels, conclusions, or a "formulaic recitation of the elements of the cause of action").

**III.   Discussion**

    A.   <u>Proper Cause of Action</u>

Deitz alleges two causes of action: negligence (Count 1) and negligence per se (Count

2).[1] Under Virginia law, a claim for negligence per se does not create a separate cause of action

from negligence, but "suppl[ies] a new standard for determining whether the defendants

performed their common law duty of ordinary care." *Butler v. Frieden*, 158 S.E.2d 121, 124 (Va.

1967); *see also A.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 475 (Va. 2019))

("[N]egligence per se only exists '*where there is a common-law cause of action.*'" (quoting

*Parker v. Carilion Clinic*, 819 S.E.2d 809, 824 (Va. 2018) (emphasis in original)). "The standard

of conduct of a 'reasonable man' in a negligence case is generally determined by a jury on a

case-by-case basis. Under the doctrine of negligence per se, however, the violation of a statute or

ordinance can constitute a violation of the 'reasonable man' standard as a matter of law." *Talley*

*v. Danek Medical, Inc.*, 179 F.3d 154, 158 (4th Cir. 1999). Indeed, the Virginia Supreme Court

acknowledged in *Evans v. Evans* that "[t]he doctrine of negligence per se represents the adoption

---

[1] Virginia law governs this diversity claim. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

of 'the requirements of a legislative enactment as the standard of conduct of a reasonable [person]'" 695 S.E.2d 173, 177 (Va. 2010) (internal citations omitted). "[T]he doctrine of negligence per se does not create a cause of action where none otherwise exists." *Williamson v. Old Brogue, Inc.*, 350 S.E.2d 621, 624 (Va. 1986); *Parker*, 819 S.E.2d at 825 ("The effect of the doctrine of 'negligence per se,' when applicable, is that it establishes the second element of common law negligence – breach of duty – by reference to a statutory standard.").

Although Deitz styles Counts 1 and 2 as separate causes of action, negligence per se is simply a doctrine by which one can show breach in a negligence action. As a result, the Court considers the allegations in these counts as stating one substantive cause of action for negligence. Whether Deitz can rely on the doctrine of negligence per se to establish that Daleville Town Center breached any duty of care is reserved for summary judgment or trial. A Rule 12(b)(6) motion challenges whether Deitz has plausibly alleged a claim and since the doctrine of negligence per se is not a separate claim, it is not a proper subject of a 12(b)(6) motion. *Walker v. Brooks Pub. Safety, LLC*, 707 F. Supp. 3d 590, 600 n.5 (W.D. Va. 2023) (holding that an element of a claim is not subject to dismissal under Rule 12(b)(6)); *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 631 (W.D. Va. 2014) ("[A] plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." (internal citations omitted)).

B.  Duty

Deitz pleads her claim against Daleville Town Center as a premises liability cause of action. She argues that Daleville Town Center failed to maintain the crosswalk at Town Boulevard in a reasonably safe condition. Dkt. 1 ¶¶ 23–25. To establish a common-law negligence claim, a plaintiff must plead "the existence of a legal duty, violation of that duty, and

4

proximate causation which results in injury." *Collett v. Cordovana*, 772 S.E.2d 584, 588 (Va. 2015) (quoting *Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 830 (Va. 2000)). Deitz alleges that she was injured by Cox as she crossed Town Boulevard and that Daleville Town Center breached its duty to install appropriate signage and lighting in the area. Dkt. 1 ¶¶ 29, 32–33. The issue on this motion to dismiss is whether Deitz has plausibly alleged a duty of care that Daleville Town Center owed.

In a premises liability cause of action, the owner of property owes a duty to its business invitees to keep the premises in a reasonably safe condition. *See Roll "R" Way Rinks, Inc. v. Smith*, 237 S.E.2d 157, 161 (Va. 1977) (citing *Culpepper v. Neff*, 134 S.E.2d 315, 318–19 (Va. 1964)); *see also City of Roanoke v. Sutherland*, 167 S.E. 243, 244 (Va. 1933)("A reasonable degree of care is required of cities in constructing their sidewalks and in keeping them in repair."); *Kerzner v. Home Depot U.S.A, Inc.*, No. 2:19-CV-618, 2020 WL 1237009, at *2 (E.D. Va. Mar. 13, 2020) (holding that the plaintiff's status as a business invitee was sufficient to state a duty to exercise reasonable care in maintenance of the defendant's access road). Deitz adequately alleges sufficient facts that she was a business invitee and that Daleville Town Center and its roadways were open to the public such that it had a duty of ordinary care to maintain the premises and roadways in a reasonably safe condition.

Daleville Town Center argues that it had no duty to protect Deitz against the negligent action of a third-party such as Cox and that it had no duty to install lighting at the crosswalk. Daleville Town Center relies on the line of cases from the Virginia Supreme Court holding that "generally a person does not have a duty to protect another from the conduct of third persons" *Kellerman v. McDonough*, 684 S.E.2d 786, 793 (Va. 2009). An exception to this general rule lies where a "special relationship" exists between a defendant and the third person which imposes a

5

duty to control the action of the third person or between the defendant and the plaintiff which gives rise to a right of protection. *See Burns v. Gagnon*, 727 S.E.2d 634, 641–42 (Va. 2012). Examples of such a special relationship are common carrier-passenger, innkeeper-guest, employer-employee, and business proprietor-invitee. But, Deitz's claim is not that Daleville Town Center owed a duty to prevent Cox from hitting her with his truck. Rather, Deitz plausibly alleges that her injuries occurred because of the manner in which the premises (the roadway and lighting) were designed and maintained. Whether Daleville Town Center breached duty of ordinary care by failing to install proper lights and signage is a question of fact to be decided on a more fulsome record than exists at the motion to dismiss stage of the case. Deitz plausibly alleges that Daleville Town Center owed a duty of reasonable care.

### C.  Contributory Negligence

Daleville Town Center argues that Deitz's claims must be dismissed because the dangerous condition, darkness, was open and obvious, and therefore Deitz was contributorily negligent by crossing the street knowing that it was dark. Dkt. 17 at 5–6. Deitz argues that a combination of factors, including darkness, created a hazardous condition, and therefore she was not contributorily negligent. Dkt. 21 at 4. Additionally, Deitz argues that Daleville Town Center does not provide evidence that she failed to exercise ordinary care. *Id*.

"Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances. The essential concept of contributory negligence is carelessness." *Rascher v. Friend*, 689 S.E.2d 661, 664 (Va. 2010) (quoting *Jenkins v. Pyles*, 611 S.E.2d 404, 407 (Va. 2005)). Contributory negligence is a complete bar to recovery for injuries caused in part by the negligence of another. *See Fein v. Wade*, 61 S.E.2d 29, 32 (Va. 1950)

6

(noting that if the plaintiff's negligence "contributes to the mishap, it bars recovery"). If a defect

is open and obvious, invitees have a duty to observe the defect. *Estep v. Xanterra Kingsmill,*

*LLC*, 238 F. Supp. 2d 791, 795 (E.D. Va. 2017); *Little Creek Inv. Corp. v. Hubbard*, 455 S.E.2d

244, 246–48 (Va. 1995) (holding that failure to look and observe an open and obvious defect

constitutes contributory negligence as a matter of law unless the plaintiff provides evidence that

she complied with her duty of ordinary care). A defect is open and obvious when both the

condition and risk posed are apparent to a reasonable person in the position of the visitor. *Estep*,

238 F. Supp. 2d at 798 (citing 63 C.J.S. *Negligence* § 741). Because Deitz is blind, she is held to

the standard of care of a reasonable blind person:

> Generally, when the plaintiff is suffering from physical infirmities that impair the plaintiff's ability to function as an ordinary reasonable person, the proper test for determining contributory negligence is the test of a reasonable person under the same disabilities and infirmities in like circumstances. However, it may be incumbent on one with a physical disability to put forth a greater degree of effort than would otherwise be necessary in order to attain that standard of care which is required of everyone.

65A C.J.S. *Negligence* § 271 (2025). If reasonable minds could differ, contributory negligence is

an issue of fact for the jury. *Rose v. Jaques*, 597 S.E.2d 64, 71 (Va. 2004); *Fultz v. Delhaize*

*America, Inc.*, 677 S.E.2d 272, 274–75 (Va. 2009). For the purposes of a motion to dismiss, the

allegations in the complaint do not establish as a matter of law that Deitz acted unreasonably by

crossing Town Center Road in a crosswalk along with a sighted person.

## IV.   Conclusion

Deitz alleges sufficient facts to plausibly state a claim of common law negligence.

Because negligence per se does not state a separate cause of action, her negligence per se claim

must be dismissed. Further, the allegations in the complaint do not establish that Deitz was

contributorily negligent as a matter of law. Accordingly, Daleville Town Center's motion to

dismiss is **DENIED** as to Count 1[2] and **GRANTED** as to Count 2. An appropriate order will

follow.

It is so **ORDERED**.

Entered:  April 27, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[2] Whether Daleville Town Center has a duty to follow the Manual of Uniform Traffic Control Devices and failed to do so are questions to be addressed at a later stage of this case.

8